**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4042**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON SPANDAU ROWE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Bruce H. Hendricks, District Judge.  (8:17-cr-01166-BHH-2)

Submitted:  November 25, 2019                    Decided:  December 5, 2019

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Falkner Wilkes, Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, D. Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Spandau Rowe pled guilty, without a plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). The district court imposed a within-Guidelines, statutory maximum sentence of 120 months in prison. On appeal, Rowe contends that the district court erred at sentencing by applying a cross-reference to attempted murder, *see* U.S. Sentencing Guidelines Manual §§ 2A2.1(a), 2K2.1(c)(1)(A), 2X1.1(a) (2016), and by failing to adequately address a nonfrivolous argument for a downward departure or variance. We affirm.

Rowe first challenges the application of the cross-reference in USSG § 2K2.1(c)(1), arguing that the district court lacked sufficient information that he had the intent to kill required for attempted murder. We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and the court's legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383-84 (4th Cir. 2013). "[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence." *United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012). "In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Ashford*, 718 F.3d at 381. Here, the district court found that Rowe committed attempted first degree murder in conjunction with his possession of ammunition. "Murder is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a) (2012). "Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific

2

intent to kill." *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991). Thus, to apply the cross-reference, the sentencing court must find by a preponderance of the evidence that the defendant acted with malice and that the attempted killing was premeditated. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003).

In this case, Rowe confronted Kevious Delph, brandished a firearm, and attempted to shoot Delph. After the firearm failed to fire, Rowe ejected the unfired cartridge and chambered another round. Rowe and Delph struggled over the weapon and Delph was shot in the leg. After Delph fell to the ground, Rowe said that he "should kill [Delph]" and made multiple attempts to fire the weapon again. When he was able to fire another bullet, it hit the ground near Delph. We conclude that a preponderance of the evidence established that Rowe's conduct demonstrated an intent to kill Delph. Accordingly, the district court did not err in applying the cross-reference to attempted first degree murder.

Next, Rowe argues that the district court erred in denying his motion for a downward departure or variance based on extraordinary family circumstances. A district court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review." *Id.* at 518. Where the context and the record make clear that the court considered a party's argument, the sentencing court has fulfilled its sentencing obligations. *See United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018).

Our review of the sentencing hearing transcript makes clear that the district court considered all of Rowe's nonfrivolous arguments for imposing a lower prison sentence. The court acknowledged Rowe's family circumstances and adequately explained its denial of his request. We conclude that the court's explanation in imposing a sentence of 120 months was legally sufficient.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*